UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS

LESTER SMITH, III

CRIMINAL NO. 03-12-FJP-SCR

(CV 10-870-FJP-SCR)

### **RULING**

Lester Smith has filed a "motion filed under Federal Rule of Civil Procedure 60(b)(6) for relief from final judgment order denying 28 U.S.S. § 2255 motion to vacate, set aside or correct."[1]

For reasons which follow, defendant's motion must be treated as a successive motion under 28 U.S.C. § 2255. Since the defendant failed to obtain permission from the Fifth Circuit Court of Appeals to file the successive § 2255 motion, it must be and is denied.

Since this is not the first time the defendant has complained in a § 2255 motion that the Court should not have used his prior convictions as predicate offenses under 18 U.S.C. § 924(e), this Court will not set forth in detail in this opinion the procedural history and facts of this case. The use of the predicate offenses to enhance defendant's statutory sentence is the chief complaint in this case and in prior § 2255 pleadings filed by the defendant.

On January 29, 2003, a federal grand jury indicted the

---

[1] Rec. Doc. No. 65.

Doc#47191

defendant for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Thereafter, the defendant pled guilty on May 12, 2003. The parties submitted a stipulation of facts to the Court during the rearraignment. After conducting a very detailed hearing on whether to accept the guilty plea, the Court found the defendant knowingly, voluntarily, and intelligently with the advice of counsel pleaded guilty. The Court also found based on the stipulation of facts filed in the record and agreed to by the defendant while under oath that: (1) there was a sufficient factual basis to support the plea; and (2) the elements to support a conviction under 18 U.S.C. § 922(g) were satisfied.

During the colloquy the Court was very careful to advise the defendant of the different penalties that could be imposed based on the defendant's prior criminal history. The defendant acknowledged under oath that he understood what the possible maximum penalties were in this case. Defendant also acknowledged he understood how the Court was going to compute his sentence.

On October 10, 2003, the defendant was sentenced to the statutory minimum of 180 months in prison and five years of supervised release. The Court ordered the federal sentence to run consecutively to the defendant's previously imposed state sentences for burglary, but to run concurrently to the defendant's previously imposed state sentence for attempted possession of a firearm by a convicted felon. The defendant timely filed a notice of appeal

with the Fifth Circuit on October 10, 2003.

On December 16, 2004, the Fifth Circuit affirmed his 180 month sentence. *See, United States v. Lester Smith*, No. 03-31054, 2004 WL 2913936 (5th Cir. Dec. 16, 2004).

On November 22, 2005, the defendant filed his first motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence. The allegations set forth in his first § 2255 motion are similar to that which are set forth in his current motion. For written reasons assigned, the Court denied the defendant's first §2255 motion on January 10, 2006. There is no evidence in the record that the defendant appealed the Court's ruling.

On December 27, 2010, almost four years after the Court denied his first § 2255 motion, the defendant filed his current motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure for relief from final judgment denying 28 U.S.C. § 2255 motion to vacate, set aside or correct. Although the defendant has styled his motion as a Rule 60(b)(6) motion, it is clear from the allegations set forth in the motion that his complaint must be treated as a successive § 2255 motion.[2]

In *Gonzales v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 162

---

[2]*See United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998) ("We agree that courts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions."); *Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir. 2002) ("a motion under Rule 60(b) is the equivalent of a second or successive habeas petition...").

L.Ed 2d 480 (2005), the Supreme Court held that a prisoner may, subsequent to the dismissal of his § 2254 motion, file a petition, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, to reopen that claim, where the petition "attacks, not the substance of the court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceeding."[3] Noting that the provision under § 2255 addressing second or successive applications was not identical to those under § 2254 addressing second or successive petition, the Supreme Court indicated it would limit its holding to § 2254 cases.[4]

The Fifth Circuit has recognized that prior to *Gonzales*, the Court considered all Rule 60(b) motions in habeas cases as attempts to file successive habeas applications.[5] The Fifth Circuit noted that the Supreme Court was careful to limit its holding in *Gonzales* by stating: "In other words, a Rule 60(b) motion that attacks only a defect in the integrity of the federal habeas proceedings should not be treated as a successive habeas application."[6]

The defendant has not made a claim that the integrity of his first § 2255 proceeding was defective. Instead, the defendant is

---

[3]*Gonzales,* at 532.

[4]*Id,* at 529, n.3.

[5]*See, Canales v. Quarterman*, 507 F.3d 884, 887 (5th Cir. 2007).

[6]*Id.*

relying on the Supreme Court's decision in *Begay v. United States*[7] to support his argument that he should not have been sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e).

As noted earlier in this opinion, it is clear that the defendant is merely seeking to relitigate his original § 2255 motion under the guise of a Rule 60(b) motion, arguing that there has been a change in the law since he was sentenced and his first § 2255 motion was denied. Irrespective of what the defendant is seeking to urge, his motion is an attack on the substance of a claim on the merits, and the Supreme Court's reasoning in *Gonzales* does not apply under the facts of this case. In *Gonzales* the Supreme Court specifically set forth that a Rule 60(b) motion might argue that a subsequent change in substantive law is a "reason justifying relief." However, the Court held such a contention is, in substance, a successive habeas petition and should be treated accordingly.[8] The Court explained that a filing which seeks the granting of such a claim is, if not in substance a "habeas corpus application," which is at least similar enough that to fail to subject it to the same requirements of a habeas corpus application would be inconsistent with the statute.[9]

The Court finds that a Rule 60(b) petition which seeks the

---

[7]553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed 2d 490 (2008).

[8]*Gonzales*, at 531.

[9]*Id.*

same relief of an earlier § 2255 proceeding should be scrutinized in the same fashion and construed as a successive § 2255 motion, even where the prisoner's motion seeks to raise a claim which is based on a change in the law.[10]

Since the Court has found that the current motion must be treated as a second or successive motion under 28 U.S.C. § 2255, the defendant is required to strictly adhere to the provisions of 28 U.S.C. § 2255(h)(1) and (2) which mandate that a second or successive motion to collaterally attack a conviction or sentence must be certified "by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

---

[10] *See Gonzales*, at 531-32 (allowing a defendant to assert such a claim under Rule 60(b) would impermissibly circumvent the requirements regarding the filing of successive habeas petitions); *see also, Rich*, 141 F.3d at 551-53 (noting that a federal prisoner's Rule 60(b) motion, which raised for the first time seeks relief based on the assertion that a Supreme Court decision has changed the law, should be construed as a successive § 2255 motion); *United States v. Bell*, No. 08-10986, 2010 WL 934306 (5th Cir. March 16, 2010) (holding that the district Court did not err when it declined to reopen the original § 2255 proceeding under Rule 60(b)(6) to all the petitioner to relitigate his claim that he was improperly sentenced as a career offender).

It is clear that Rule 9 of the Rules Governing Section 2255 Proceedings prohibits a party from filing a second or successive motion before obtaining an order from the appropriate court of appeals authorizing the district court to consider the motion.

Since the record reveals that defendant has failed to file for and obtain a certification from the Fifth Circuit Court of Appeals to permit him to file this second and successive § 2255 motion, defendant's motion must be denied. Finally, the Court finds that the defendant's reliance on *Begay* is improper and without merit under the facts of this case. Although the defendant contends that *Begay* substantively changed the law for sentencing under the Armed Career Criminal Act ("ACCA"), his argument does not change the requirement that he seek the proper certification from the Fifth Circuit Court of Appeals to file this successive § 2255 motion. The Court finds *Begay* did not set aside the requirements of obtaining a certification from the Fifth Circuit by labeling the motion as a Rule 60(b)(6) motion.

Under the ACCA, upon conviction for a violation arising under 18 U.S.C. § 922(g), if that person "has three previous convictions by any court...for a violent felony or a serious drug offense, or both...such person shall be...imprisoned not less than fifteen years...." The ACCA further defines the term "violent felony" as one that "has an element the use, attempted use, or threatened use

of physical force against the person of another."[11]

If a crime does not fall with the force clause, it can still qualify as a violent felony if it is one of the named crimes such as "burglary, arson, or extortion, involves the use of explosives..." This series of crimes, known as the "enumerated crimes," must be treated as per se violent felonies. In *Taylor v. United States*, the Supreme Court held:

> Congress thought that certain general categories of property crimes-namely burglary, arson, extortion, and the use of explosives-so often presented a risk of injury to persons, or were so often committed by career criminals, that they should be included in the enhancement statute even though, considered solely in terms of their statutory elements, they do not necessarily involve the use or threat of force against a person.[12]

A review of the record in this case supports the Court's decision to hold that the defendant is properly considered an Armed Career Criminal because his five prior felony convictions were properly considered burglary, one of the enumerated felonies under 18 U.S.C. § 924(e).

Since the defendant's prior convictions were for burglary, which is an enumerated felony, there is no need or requirement for the Court to consider or apply the residual language in 18 U.S.C. § 924(e)(2)(B)(ii). Therefore, it is clear that *Begay* is

---

[11]*See* 18 U.S.C. § 924(e)(2)(B)(I) (the "force clause").

[12]495 U.S. 575, 597, 110 S.Ct. 2143, 109 L.Ed 2d 607 (1990).

inapplicable under the facts of this case.[13]

## Conclusion

The Court finds that defendant's Rule 60(b)(6) motion must be treated as a successive § 2255 motion. Since the defendant did not seek or receive permission from the Fifth Circuit Court of Appeals to file this successive § 2255 motion, his motion must be denied.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, March 24, 2011.

                          FRANK J. POLOZOLA
                          MIDDLE DISTRICT OF LOUISIANA

---

[13]The defendant apparently fails to recognize the distinction between an enumerated crime and a residual crime. Most of the cases the defendant cites to and relies on deal with the residual clause. Since burglary is a specific crime set forth in the ACCA, there is no need to discuss the residual clause.